IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

FEDERAL NATIONAL MORTGAGE    §
ASSOCIATION,    §
   §
       Plaintiff,    §
   §
v.    §    CIVIL NO. H-04-4405
   §
NGOZI ANITA OKEKE,    §
   §
   §
       Defendant.    §

## MEMORANDUM OPINION

Pending before the court[1] is Plaintiff's Motion for Summary Judgment (Docket Entry No. 12). The court has considered the motion, all relevant filings, and the applicable law. For the reasons set forth below, the court **GRANTS IN PART AND DENIES IN PART** Plaintiff's Motion for Summary Judgment.

## I. Case Background

On July 27, 2001, Ngozi Anita Okeke ("Defendant"), a *pro se* litigant, executed a promissory note in the amount of $240,832.00 and a deed of trust to certain real property located in 4806 Plato Park Drive, Sugar Land, Texas (the "Property").[2] The original holder of the promissory note, Loan Partners Mortgage, Ltd., subsequently assigned the promissory note and deed of trust to

---

[1]      The parties consented to proceed before the undersigned magistrate judge for all proceedings, including trial and final judgment, pursuant to 28 U.S.C. § 636(c) and Federal Rule of Civil Procedure 73.  Docket Entry No. 10.

[2]      Plaintiff's Brief in Support of Motion for Summary Judgment, Docket Entry No. 13, Exs. 1A, Promissory Note and 1B, Deed of Trust.

Sterling Capital Mortgage.[3]   Defendant defaulted on the loan and Sterling Capital Mortgage instituted foreclosure proceedings on the Property.[4]

On September 2, 2003, Federal National Mortgage Association ("Plaintiff") acquired title to the Property at a substitute trustee sale.[5]   Plaintiff failed to vacate the Property despite receipt of a formal notice to vacate.[6]   Instead, Plaintiff filed a forcible detainer action in the Justice of the Peace Court in Brazoria County, Texas.[7]   On October 2, 2003, the court entered judgment in favor of Plaintiff.[8]   Shortly thereafter, Defendant filed a voluntary petition for bankruptcy.[9]   In response, Plaintiff filed a motion for relief from stay, which was ultimately granted by the bankruptcy court on January 18, 2004.[10]

On February 12, 2004, the Justice of the Peace Court issued a

---

[3]   Plaintiff's Brief in Support of Motion for Summary Judgment, Docket Entry No. 13, Ex. 1, Business Records Affidavit.

[4]   Id.

[5]   Plaintiff's Brief in Support of Motion for Summary Judgment, Docket Entry No. 13, Ex. 1C, Substitute Trustee's Deed.

[6]   Plaintiff's Brief in Support of Motion for Summary Judgment, Docket Entry No. 13, Ex. 1, Business Records Affidavit.

[7]   Id.

[8]   Plaintiff's Brief in Support of Motion for Summary Judgment, Docket Entry No. 13, Ex. 1D, Judgment in Cause No. 03-CV41-00614.

[9]   Plaintiff's Brief in Support of Motion for Summary Judgment, Docket Entry No. 13, Ex. 1, Business Records Affidavit.

[10]   Plaintiff's Brief in Support of Motion for Summary Judgment, Docket Entry No. 13, Ex. 1E, Order for a Relief from Stay.

writ of possession, ordering Defendant to vacate the Property.[11]
On February 17, 2004, Defendant filed a notice of removal of the
forcible detainer action with this court in an attempt to seek a
temporary restraining order to block the enforcement of the writ of
possession.[12]  Despite Defendant's efforts, the writ of possession
was executed and Defendant was evicted from the Property.[13]   On
February 20, 2004, the undersigned executed a Memorandum and
Recommendation, remanding this matter to the Justice of the Peace
court and recommending that Defendant's request for a temporary
restraining order be denied.[14]  That same day, Defendant filed a
UCC financing statement, wherein she alleged that she had a secured
interest in the Property.[15]

On August 20, 2004, the Justice of the Peace court granted
summary judgment against Defendant on all of her claims against
Plaintiff as well as the remaining defendants in the state court
action.[16]  This judgment effectively dismissed with prejudice all

---

[11]    Plaintiff's Brief in Support of Motion for Summary Judgment, Docket
Entry No. 13, Ex. 1F, Writ of Possession.

[12]    Plaintiff's Brief in Support of Motion for Summary Judgment, Docket
Entry No. 13, Ex. 1, Business Records Affidavit.

[13]    Id.

[14]    Plaintiff's Brief in Support of Motion for Summary Judgment, Docket
Entry No. 13, Ex. 1-G, Recommendation of Temporary Restraining Order.  The
recommendation was adopted by U.S. District Court Judge, Sim Lake, on March 3,
2004.  Id. at Ex. 1-H, Order of Remand.

[15]    Plaintiff's Brief in Support of Motion for Summary Judgment, Docket
Entry No. 13, Ex. 1.

[16]    Id.

of Defendant's causes of action.[17]  Defendant failed to appeal the judgment, thus making it a final order.[18]

## II.  Summary Judgment Standard

A grant of summary judgment under the federal rules is proper only when the evidence before the court fails to raise any genuine issues of material fact and the movant is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56(c); Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986).  A dispute is "genuine" if the evidence would permit a reasonable jury to return a verdict in favor of the nonmoving party.  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 250 (1986); TIG Ins. Co. v. Sedgwick James of Washington, 276 F.3d 754, 759 (5th Cir. 2002).

The movant bears the initial burden of informing the court of the basis for a grant of summary judgment by identifying relevant excerpts from pleadings, depositions, answers to interrogatories, admissions, and affidavits on file that demonstrate the absence of a genuine issue of material fact.  Fed. R. Civ. P. 56(c); Celotex Corp., 477 U.S. at 323; Topalian v. Ehrman, 954 F.2d 1125, 1131 (5th Cir. 1992).  Upon a showing that there is an absence of evidence to support an essential element of the non-movant's cause, the burden shifts to the non-movant to produce evidence demonstrating that a genuine issue of material fact does exist which must be resolved by a trier of fact.  Fed. R. Civ. P. 56(e); Celotex, 477 U.S. at 324.

[17]    Id.

[18]    Id.

To satisfy this burden, the non-movant's evidence must raise more than mere "metaphysical doubt" about the material facts.  <u>Thomas v. Great Atl. and Pac. Tea Co.</u>, 233 F.3d 326, 331 (5th Cir. 2000). Therefore, the non-movant's conclusory allegations, unsubstantiated assertions, improbable inferences, and speculation are insufficient to raise a fact issue for trial.  <u>Brown v. City of Houston</u>, 337 F.3d 539, 541 (5th Cir. 2003).  When determining whether the evidence in the record creates a fact issue, the court resolves all doubts and views all reasonable inferences drawn from the evidence in favor of the non-movant.  <u>Liberty Lobby</u>, 477 U.S. at 255; <u>Boston Old Colony Ins. Co. v. Tiner Assocs., Inc.</u>, 288 F.3d 222, 227 (5th Cir. 2002).

### III.  Analysis

In its motion for summary judgment, Plaintiff alleges that Defendant's filing of a fraudulent lien on the Property has precluded Plaintiff from conveying the Property to date.  Plaintiff further argues that it has incurred actual damages in the amount of $5,745.79 in the form of property maintenance and preservation costs, utility payments, appraisal fees and costs associated with taking possession of the Property.  Specifically, Plaintiff seeks summary judgment as to the following causes of action:  1) fraudulent filing of a financing statement under Texas Business and Commerce Code § 9.5185; 2) negligence or, in the alternative, gross

5

negligence; and 3) injunctive relief.[19]   Plaintiff further seeks summary judgment on Defendant's counterclaims, arguing that these claims are barred by res judicata and collateral estoppel.[20]   In addition to actual damages in the amount of $5,745.79, Plaintiff seeks exemplary damages as well as attorneys' fees and costs under section 9.5185 of the Texas Business and Commerce Code.[21]  The court will address each of these issues in turn.

**A.    Section 9.5185 of Texas Business and Commerce Code**

Section 9.5185 of the Texas Business and Commerce Code, titled "Fraudulent Filing," prohibits an individual from intentionally or knowingly filing a financing statement that the person knows is forged, contains a material false statement, or is groundless.  Tex. Bus. & Com. Code § 9.5185(a).  A person who violates this provision is liable to the owner of the property covered by the financing statement for:  (1) the greater of $5,000 or the owner's actual damages; (2) court costs; and (3) reasonable attorneys' fees.  Id. § 9.5185(b).  The owner of the property covered by the fraudulent financing statement may also file suit requesting specific relief, including but not limited to, release of the fraudulent financing statement.  Id. § 9.5185(c).

Plaintiff introduces into evidence the affidavit of its

---

[19]    Plaintiff's Brief in Support of Motion for Summary Judgment, Docket Entry No. 13.

[20]    Id.

[21]    Id.

authorized agent, Richard Todd Hopes ("Hopes"). In his affidavit, Hopes recounted that Defendant executed a promissory note and deed of trust for the benefit of Loan Partners Mortgage, Ltd.[22] The note and deed of trust were subsequently assigned to Sterling Capital Mortgage.[23] Defendant defaulted on the payments due under the promissory note and foreclosure proceedings ensued.[24]

Rather than vacate the premises pursuant to the writ of possession entered in state court, Defendant filed a notice of removal of the forcible detainer action in this court seeking a temporary restraining order against Defendant.[25] The court recommended that Defendant's request for a temporary restraining order be denied and the matter was remanded to state court.[26] Defendant was ultimately evicted from the Property on February 17, 2004.[27] On February 20, 2004, Defendant filed a UCC financing statement, wherein she alleged that she had a secured interest in the Property.[28]

The court finds that Defendant fails to present any competent

---

[22]    Plaintiff's Brief in Support of Motion for Summary Judgment, Docket Entry No. 13, Ex. 1, Business Records Affidavit.

[23]    Id.

[24]    Id.

[25]    Id.

[26]    Id.

[27]    Id.

[28]    Plaintiff's Brief in Support of Motion for Summary Judgment, Docket Entry No. 13, Ex. 2, UCC Financing Statement.

summary judgment evidence showing that she has a security interest in the Property or that she is otherwise entitled to assert that she has a lien on such Property.[29]   There simply is no genuine fact dispute regarding whether Defendant knowingly filed a fraudulent lien on the Property.

Accordingly, due to Defendant's knowing violation of section 9.5185 of the Texas Business and Commerce Code, the court awards Plaintiff its actual damages in the amount of $5,745.79.  The court further orders that Defendant's lien be released from the subject Property.  In accordance with section 9.5185, Plaintiff is entitled to recover the reasonable attorneys' fees it incurred as a result of Defendant's fraudulent filing of the financing statement.  With respect to the amount of fees and costs Plaintiff is entitled to collect, Plaintiff shall file a fee application within ten days of the entry of this Memorandum Opinion.

As it relates to Plaintiff's request for exemplary damages, a court assessing whether to award exemplary damages must consider (1) the nature of the wrong; (2) the character of the conduct involved; (3) the degree of culpability of the wrongdoer; (4) the situation and sensibilities of the parties concerned; (5) the extent to which such conduct offends a public sense of justice and propriety; and (6) the net worth of defendant.   Tex. Civ. Prac. & Rem. Code § 41.011.  After considering these factors and the evidence on the

8

record, the court finds that Plaintiff is entitled to an award of exemplary damages in the amount of $5,000.00.  Based on the foregoing, the court **GRANTS** Plaintiff's motion for summary judgment with respect to this cause of action.

**B.    Negligence And Gross Negligence**

Plaintiff argues that Defendant's filing of a UCC financing statement with respect to the Property constituted negligence or, in the alternative, gross negligence.  A cause of action for negligence consists of three elements: (1) a legal duty owed by one party to another; (2) a breach of that duty; and (3) damages proximately caused by that breach.  <u>Greater Houston Transp. Co. v. Phillips</u>, 801 S.W.2d 523, 525 (Tex. 1990).  The existence of a duty is a question of law to be decided by the court based on the facts of the case.  <u>Id.</u>  Proximate cause consists of two elements: (1) cause in fact and (2) foreseeability.  <u>Leitch v. Hornsby</u>, 935 S.W.2d 114, 118 (Tex. 1996).  Cause in fact exists if "the defendant's act or omission was a substantial factor in bringing about the injury which would not otherwise have occurred."  <u>Union Pump Co. v. Allbritton</u>, 898 S.W.2d 773, 775 (Tex. 1995).

To prove gross negligence, a plaintiff must show that (1) when viewed objectively, the defendant's acts or omissions involved an extreme degree of risk, considering the probability and magnitude of the potential harm to others and (2) the defendant had an actual subjective awareness of the risk involved but nevertheless proceeded

9

with conscious indifference to the rights, safety, or welfare of others.  Dillard Dep't Stores, Inc. v. Silva, 148 S.W.3d 370, 373 (Tex. 2004).

The court finds that Defendant's filing of a fraudulent lien on Plaintiff's Property constituted negligent conduct.  Defendant breached her duty of care to Plaintiff by filing such lien on the Property and Plaintiff incurred damages as a result, as Plaintiff was precluded from conveying the Property and was further obligated to expend significant sums of money to maintain the Property.  Defendant's actions likewise constituted gross negligence.  Defendant acted with conscious indifference when she knowingly filed a fraudulent lien on the Property without considering the effect that such a lien would have on Plaintiff's ability to convey the Property.  Accordingly, the court **GRANTS** Plaintiff's motion for summary judgment with respect to both its negligence and gross negligence claims.

## C.   Injunctive Relief

Plaintiff seeks permanent injunctive relief against Defendant to prevent any further interference by Defendant of Plaintiff's use and enjoyment of the land.  Specifically, Plaintiff requests that Defendant be "permanently enjoined from filing any liens, claims of interest and/or instruments" on Plaintiff's property.[30]

---

[30]   Plaintiff's Original Complaint and Application for Injunctive Relief, Docket Entry No. 1, ¶ 29.

In order to be entitled to permanent injunctive relief, a plaintiff must prove the following: (1) a wrongful act; (2) imminent harm; (3) irreparable injury; and (4) no adequate remedy at law. _Jordan v. Landry's Seafood Rest., Inc._, 89 S.W.3d 737, 742 (Tex. App.– Houston [1st Dist.] 2002, pet. denied). "An injunction will not lie to prevent an alleged threatened act, the commission of which is speculative and the injury from which is purely conjectural." _Democracy Coalition v. City of Austin_, 141 S.W.3d 282, 296 (Tex. App. – Austin 2004, no pet.). The apprehension of a possible injury is likewise insufficient. _Frey v. DeCordova Bend Estates Owners Ass'n_, 647 S.W.2d 246, 248 (Tex. 1983). Whether there is a threat of imminent harm is a legal determination made by the court. _Democracy Coalition_, 141 S.W.3d at 296; _Operation Rescue-Nat'l v. Planned Parenthood of Houston & Southeast Texas, Inc._, 975 S.W.2d 546, 554 (Tex. 1998). Furthermore, the grant or refusal of a permanent injunction is ordinarily with the trial court's sound discretion. _Texas Health Care Info. Council v. Seton Health Plan, Inc._, 94 S.W.3d 841, 851 (Tex. App. – Austin 2002, pet. denied).

Plaintiff argues that it is entitled to permanent injunctive relief based on Defendant's prior wrongful act, namely Defendant's filing of a fraudulent lien on the Property.[31]   Plaintiff contends

---

[31]   Plaintiff's Brief in Support of Motion for Summary Judgment, Docket Entry No. 13.

that "it is reasonable to infer that Defendant will, in the event
that her fraudulent lien is removed from the Property, undertake
other abusive means, including but not limited to the filing of
other liens, notices of lis pendens, suits and/or bankruptcies, in
an effort to prevent the sale of the Property by Plaintiff."[32]
Plaintiff asserts that it will be irreparably and immediately harmed
if Defendant continues such attempts to prevent the sale of the
Property.[33]

Plaintiff simply fails to present any evidence that it faces
imminent harm resulting from Defendant's conduct.   Instead,
Plaintiff speculates that Defendant may take further action with
respect to the Property that will preclude Plaintiff from conveying
the Property at some point in time in the future.  These assertions
are simply insufficient to warrant the imposition of permanent
injunctive relief.  Accordingly, the court **DENIES** Plaintiff's motion
as it relates to this claim.

**D.  Defendant's Counterclaims**

Defendant fails to set forth any cognizable causes of action
against Plaintiff.   Instead, Defendant summarily requests the
following relief:  (1) title to the Property; (2) repair of the
damage caused to her credit; (3) compensatory, unliquidated and
exemplary damages resulting from Plaintiff's alleged fraud and its

---

[32]    Id.

[33]    Id.

malicious prosecution of Defendant; and (4) court costs and fees. Plaintiff argues that Defendant's counterclaims are barred by the doctrines of res judicata and collateral estoppel because the issues relating to the foreclosure of the Property have been fully litigated in a state court action that involved Plaintiff and Defendant.

The court finds that Defendant has failed to present any evidence in support of its claims against Plaintiff. The court further agrees with Plaintiff that Defendant's claims are barred by the doctrines of res judicata and collateral estoppel. Res judicata, or claim preclusion, "prevents the relitigation of a claim or cause of action that has been finally adjudicated, as well as related matter that, with the use of diligence, should have been litigated in the prior suit." Barr v. Resolution Trust Corp., 837 S.W.2d 627, 628 (Tex. 1992). Res judicata requires proof of the following elements: (1) a prior final judgment by a court of competent jurisdiction; (2) identity of parties and those in privity with them; and (3) a second action based on the same claims as were raised and could have been raised in the first action. Amstadt v. United States Brass Corp., 919 S.W.2d 644, 652 (Tex. 1996).

Collateral estoppel, also known as issue preclusion, precludes the relitigation of issues that were actually litigated, essential to the judgement in a prior suit, and identical to the issues in the pending action. Johnson & Higgins v. Kenneco Energy, 962 S.W. 2d

13

507, 521 (Tex. 1998).   A party seeking to assert the bar of collateral estoppel must establish that (1) the facts sought to be litigated in the second action were fully and fairly litigated in the first action; (2) those facts were essential to the judgment in the first action; and (3) the parties were cast as adversaries in the first action.   <u>Sysco Food Servs., Inc. v. Trapnell</u>, 890 S.W.2d 796, 801 (Tex. 1994).

The court finds that there are no disputed fact issues relating to this matter.  Plaintiff has proffered into evidence the final judgment in the state court action, which dismissed each of Defendant's claims against Plaintiff.  All of these claims related to the foreclosure and subsequent eviction of Defendant from the Property.  Accordingly, all of Defendant's counterclaims that allege fraud or improper conduct on the part of Plaintiff with respect to the transfer of ownership of the Property are barred by the doctrines of res judicata and collateral estoppel.  Accordingly, the court **GRANTS** Plaintiff's motion for summary judgment as it relates to Defendant's counterclaims.

## IV.  Conclusion

Based on the foregoing, the court **GRANTS IN PART AND DENIES IN PART** Plaintiff's Motion for Summary Judgment.

14

SIGNED in Houston, Texas, this 14th day of February, 2006.

Nancy K. Johnson
United States Magistrate Judge